**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Akramov Bekzodjon Sobirovich,<br>Petitioner,<br>v.<br>Luis Rosa, Jr., et al.,<br>Respondents. | No. CV-26-05070-PHX-MTL<br>**ORDER** |

Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. This is not Petitioner's first petition; Petitioner filed an earlier petition in April 2026, and that action was dismissed on June 25, 2026. *See Sobirovich v. Rosa*, No. CV-26-02303-PHX-MTL. A review of the instant petition reveals Petitioner raises similar claims for relief. The Court will summarily dismiss the Petition.

The Supreme Court has recognized "abuse of the writ" as a body of equitable principles that defines when federal courts decline to entertain a claim raised in a second or subsequent habeas petition. *See McCleskey v. Zant*, 499 U.S. 467, 470, 489 (1991). The Ninth Circuit applies that doctrine to § 2241 petitions. *Barapind v. Reno*, 225 F.3d 1100, 1111-13 (9th Cir. 2000); *see also Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Although "abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions," *McCleskey*, 499 U.S. at 489, the Supreme Court has held that there are two circumstances where a § 2241 application should be dismissed as an "abuse of the writ."

First, "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id.* at 489-90. Second, it is an abuse of the writ for a prisoner to raise the same claim a second time. *See Campbell v. Blodgett*, 997 F.2d 512, 515-16 (9th Cir. 1993) ("A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits."). "A 'ground' is 'sufficient legal basis for granting the relief sought;' a different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." *Id.* at 516. In addition, "a subsequent habeas petition which raises new grounds need not be considered if the petitioner has, through deliberate abandonment or inexcusable neglect, abused the writ." *Id.* (citing *McCleskey*, 499 U.S. at 489-93).

Here, the § 2241 Petition is successive. Petitioner already unsuccessfully raised similar claims for relief in CV-26-2303. *See Alaimalo*, 645 F.3d at 1049 (abuse of the writ doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition") (internal quotation marks omitted). Petitioner has not shown cause for bringing a successive petition, or that a fundamental miscarriage of justice will result from the failure to entertain his claim. *See McCleskey*, 499 U.S. at 494-95. The Court will therefore dismiss the Petition and this case.

**IT IS THEREFORE ORDERED** that Petitioner's Petition under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 12th day of August, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge